IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TALIAFERRO,<br><br>                Petitioner,<br><br>v.<br><br>ROBERT GILMORE, et al.,<br><br>                Respondents. | CIVIL ACTION<br>NO. 14-6497 |

**ORDER**

**AND NOW**, this 9th day of October 2015, upon consideration of Petitioner's pro se Petition for Writ of Habeas Corpus (Doc. No. 1), United States Magistrate Judge Timothy R. Rice's Report and Recommendation (Doc. No. 3), Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Doc. No. 7), Petitioner's Objections to the Report and Recommendation (Doc. No. 10), and the Response to the Petition for Writ of Habeas Corpus (Doc. No. 17), it is **ORDERED** that:

1. The Report and Recommendation (Doc. No. 2) is **APPROVED** and **ADOPTED**, with the modification that the Court will issue a **STAY** of this case pending the exhaustion of all available state court remedies in regard to Petitioner's June 12, 2015 PCRA Petition filed in state court.[1]

---

[1] The following background is taken from Magistrate Judge Rice's Report and Recommendation:

    On March 4, 2011, a jury found [Petitioner] guilty of one count of possession of a firearm by a prohibited person, and four counts of owning/possessing an animal for fighting. Commonwealth v. Taliaferro, CP-51-CR-1975-2009, Crim. Docket at 5-6. On May 5, 2011, [Petitioner] was sentenced to an aggregate sentence of five-to-ten years imprisonment. Crim. Docket at 13.

    On July 1, 2012, [Petitioner] filed a petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541 et seq. ("PCRA").[1] Crim. Docket at 13.

> On November 6, 2014, [Petitioner] filed a pro se federal habeas petition raising seven issues: (1) lack of probable cause for arrest, search, and seizure; (2) unlawful search and seizure; (3) denial of the right to confrontation; (4) inordinate delay; (5) denial of due process and equal protection; (6) ineffective assistance of counsel; and (7) denial of appellate rights and post-sentence hearing procedures.  See Habeas Petition at 8-17; Memorandum of Law in Support of Petition Under 28 U.S.C. § 2254 [] at 1-21.
>
> On October 24, 2014, Taliaferro's PCRA petition requesting reinstatement of his appellate rights was granted.  See Crim. Docket at 15.

(Doc. No. 3 at 2.)

On November 10, 2014, Petitioner filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  On November 17, 2014, this Court referred the Petition to Magistrate Judge Timothy R. Rice (Doc. No. 2), who issued a Report and Recommendation on November 20, 2014 (Doc. No. 3) recommending that Petitioner's claims be dismissed without prejudice to allow Petitioner the opportunity to exhaust his state court remedies.  The specific PCRA petition pending in state court that Judge Rice references in his Report and Recommendation was filed on June 12, 2015.  On February 3, 2015, Petitioner filed Objections to the Report and Recommendation.  (Doc. No. 10.)  Respondents filed a Response to Petition for Writ of Habeas Corpus on October 2, 2015, requesting that the Report and Recommendation be adopted with the modification that this Court issue a stay pending the outcome of Petitioner's state court PCRA proceedings.  (Doc. No. 17).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation.  Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper."  Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

In the Report and Recommendation, Magistrate Judge Rice concluded that Petitioner had failed to exhaust his claims in state court, and therefore his Petition should be dismissed without prejudice.  Under 28 U.S.C. § 2254, a petitioner must exhaust available state court remedies before a district court may review his claims.  See Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir. 1997) ("28 U.S.C. § 2254 imposes a duty on the courts to examine the exhaustion issue and to reject a petition if it raises unexhausted claims.").  This exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal

2. Plaintiff John Taliaferro and Defendants shall notify the Court when all state court proceedings have terminated.

3. This case shall remain in **SUSPENSE**.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

courts." Hankins v. Fulcomer, 942 F.2d 246, 249 (3d Cir. 1991). Thus, a petitioner "must afford the state system 'the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief.'" Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) (quoting Zicarelli v. Gray, 543 F.2d 466, 472 (3d Cir. 1976)).

As noted by Judge Rice, Petitioner raises duplicative claims in his Habeas Petition and in his pending PCRA petition in state court. (Doc. No. 3 at 3 (citing Doc. No. 1 at 8-17).) Petitioner's most recent PCRA petition has not yet been decided by the state court. (Doc. No. 17 at 6-7.)

Petitioner's Objections to the Report and Recommendation reiterate the arguments asserted in his Petition rather than "specifically identify the portions of the proposed findings, recommendations or report" to which he objected. The sole objection to Judge Rice's finding that Petitioner must exhaust his claims in state court is that "[t]he Pet. [sic] wasn't allowed – still isn't – to exhaust the State remedies. In other words, he is prevented from exhaustion, because: due process procedural safeguards are denied him, and, not followed by them." (Doc. No. 10.)

Petitioner has not explained how he has not been "allowed" to exhaust his state court remedies or what "due process procedural safeguards" have been "denied him." (Doc. No. 10 at 2.) Petitioner cites to Evitts v. Lucey, 469 U.S. 387 (1985) and Griffin v. Illinois, 351 U.S. 12 (1956) in support of this Objection. (Id.) However, neither of these cases supports his argument that he is unable to exhaust his state court remedies. See Evitts v. Lucey, 469 U.S. 387 (1985) (holding that the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right); Griffin v. Illinois, 351 U.S. 12 (1956) (holding that Illinois law requiring defendants to purchase a trial transcript in order to appeal their convictions was unconstitutional).

A Pennsylvania state court is currently considering Petitioner's PCRA petition, and Petitioner has failed to allege in his Objections what specifically impedes his ability to exhaust his state court remedies. Therefore, the Court will adopt Judge Rice's Report and Recommendation with the above noted modification.