IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TALIAFERRO,<br><br>                      Petitioner,<br><br>v.<br><br>ROBERT GILMORE, et al.,<br><br>                      Respondents. | CIVIL ACTION<br>NO. 14-6497<br><br>FEB 11 2020 |

## ORDER

**AND NOW**, this 10th day of February 2020, it is **ORDERED** that Petitioner John Taliaferro's[1] Motion to Proceed with Habeas Corpus Petition (Doc. No. 26), Respondents' Response to Petitioner's Motion (Doc. No. 28), the Report and Recommendation of Magistrate Judge Timothy R. Rice (Doc. No. 30), and Petitioner's Objections to the Report and Recommendation (Doc. No. 31), it is **ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Rice (Doc. No. 30) is **APPROVED** and **ADOPTED**.[2]

---

[1] While Petitioner spells his last name as Taliafaro in his more recent filings, the last name that appears on Petitioner's habeas petition is Taliaferro.

[2] Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. "Within fourteen days after being served with a copy [of the magistrate's report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). E.D. Pa. Local Civil Rule 72.1.IV(b) requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." With respect to pro se litigants, however, this rule may be relaxed. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006).

The district judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made. [The] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

In this case, Petitioner, a parolee under the jurisdiction of the Pennsylvania Board of Probation and Parole, filed a pro se habeas petition under 28 U.S.C. § 2254 in November 2014. (Doc. No. 1.) In his habeas petition, Petitioner contends the following: (1) there was no probable cause for the warrant to search his home and arrest him; (2) his belongings were unlawfully seized; (3) his Confrontation Clause rights were violated; (4) he was denied his right of appeal; (5) his due process and equal protection rights were violated; and (6) counsel was ineffective in his suppression hearing, trial, and appeal. (See Doc. No. 1 at 7-8; Doc. No. 1-2 at 1-21.) On October 9, 2015, this Court stayed Petitioner's habeas case to allow him to exhaust his state court remedies. (Doc. No. 18.) In this regard, the following procedural history of Petitioner's case in state court is taken from Magistrate Judge Rice's Report and Recommendation ("R&R"):

> In November 2008, Philadelphia police officers arrested [Petitioner] after executing a search warrant at his home and discovering marijuana, guns, and items classified as dog fighting paraphernalia. See Commonwealth v. Taliaferro, CP-51-CR-1975-2009, Crim. Dkt. at 4; Motion to Proceed at ¶ 30. [Petitioner] sought to suppress the evidence, which the trial court denied following a hearing. Crim. Dkt. at 9–10; Motion to Proceed at ¶¶ 32–36. On March 4, 2011, a jury convicted [Petitioner] of one count of possession of a firearm by a prohibited person and four counts of owning/possessing an animal for fighting. Crim. Dkt. at 5–7, 11. On May 5, 2011, the trial court sentenced [Petitioner] to an aggregate sentence of 5–10 years of imprisonment. Id.
>
> [Petitioner] did not file a timely direct appeal but sought [Pennsylvania Post-Conviction Relief Act ("PCRA")] relief in June 2012. Crim. Dkt. at 11. The case proceeded over the next four years with [Petitioner] filing additional pro se and counseled PCRA petitions. Id. at 12–15. In February 2017, the PCRA court granted [Petitioner] relief by reinstating his direct appeal rights. Id. at 13. In May 2019, the Superior Court affirmed [Petitioner]'s judgment of sentence. Id. at 17. [Petitioner] did not seek review in the Pennsylvania Supreme Court and his judgment of sentence became final on June 5, 2019. See id.; Pa. R. A. P. 903.

2

2. Petitioner's Motion to Proceed (Doc. No. 26) is **DENIED**.

---

(Doc. No. 30 at 2.)

On July 30, 2019, Petitioner filed a Motion to Proceed With Habeas Corpus Petition requesting this Court lift the stay currently in place in this case. (Doc. No. 26.) Respondents filed a Response to Petitioner's Motion on August 27, 2019, arguing that the stay should not be lifted because Petitioner has not exhausted his claims of ineffective assistance of counsel raised in his federal habeas petition, those claims must be made in a PCRA petition, and Plaintiff still has time to seek collateral review of those claims. (Doc. No. 28.) On November 1, 2019, the Court referred Petitioner's Motion to Magistrate Judge Rice for a R&R. (Doc. No. 29.) On November 4, 2019, Magistrate Judge Rice issued the R&R, recommending that Petitioner's Motion be denied without prejudice. (Doc. No. 30.) Petitioner filed objections to the R&R on November 20, 2019. (Doc. No. 31.)

At this juncture, it is premature to lift the stay on Petitioner's federal habeas petition. Under 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." Petitioner's ineffective assistance of counsel claims could not be raised on direct appeal because they must be raised in a PCRA petition. See Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002). Under Pennsylvania law, PCRA petitions must be filed within one year of a final judgment or when a claim becomes known or available. 42 Pa. C.S. § 9545(b). Thus, while Petitioner's direct appeal has concluded in state court, he is still within the one-year time frame to pursue his ineffective assistance of counsel claims under the PCRA, and he may still seek that relief.

Petitioner's objections to the R&R are based on the Pennsylvania Superior Court's declination to hear his appellate claims because he did not include them in his counseled statement of issues for appeal. (Doc. No. 31.) In his Objections, Petitioner asks this Court to "excuse" this procedural default because "[t]rial counsel abandoned [P]etitioner [by] failing to file the requested appeal." Id. at 2. However, as noted above, it is currently premature to lift the stay on Petitioner's federal habeas petition because Petitioner has not exhausted his claims of ineffective assistance of counsel.

Therefore, the Court will adopt Judge Rice's R&R and will deny Petitioner's Motion to Proceed (Doc. No. 26) without prejudice to allow him to either (1) timely file a PCRA petition to exhaust his habeas claims, or (2) file a request that the stay in his habeas case be lifted and file an amended habeas corpus petition clarifying the issues he is raising in his petition now that his direct appeal has concluded.

3

3. Petitioner is directed to file a PCRA Petition in state court or file another request to lift the stay of his federal petition and amend the petition;

4. The Court finds that Petitioner has failed to make a substantial showing of a denial of a constitutional right and accordingly a certificate of appealability shall not issue; and

5. The Clerk of Court shall amend the caption of this case to remove Robert Gilmore and name the Pennsylvania Board of Probation and Parole as Respondent.[3]

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.

---

[3] As Judge Rice states in his R&R, "Because [Petitioner] is now on parole, Robert Gilmore is no longer the appropriate Respondent. Respondent should now be the Pennsylvania Board of Probation and Parole." (Doc. No. 30 at 1, n. 1.)